Mr. Justice Clayton
delivered the opinion of the court.
This is an action of assumpsit with two counts upon a promissory note, in which there are ten pleas, four replications and nine demurrers, from which the merits of the case are to be extracted. It will be unnecessary to give to each a separate examination. The issues of fact are yet undisposed of; but judgment was rendered for the defendants below upon the issues in law.
*88 The third and fourth pleas set forth an accord and satisfaction, by the sale and conveyance of a tract of land, which, it is alleged, the plaintiff accepted and received in full discharge and satisfaction of the claim. The replications to these pleas deny both the conveyance and the acceptance; and on this state of pleadings judgment was rendered for the defendants in the court below.
It is insisted in argument that the replications are bad; that they might properly deny either the conveyance or the acceptance, but they ought not to deny both. To this we reply, that the replications as they stand constitute but one answer to the pleas. The conveyance and acceptance in satisfaction are both averred in the pleas. It might possibly have been sufficient to deny either, but it was not improper to deny both. The gist of the plea was the satisfaction of the claim ; the substance of the replication was the denial of the satisfaction, a plain and simple issue not broader than the pleas, nor involving duplicity, uncertainty or other objectionable matters. The judgment of the court below, on this point, was erroneous.
■ In the fifth and sixth pleas, two of the defendants aver that they were the sureties of the defendant, John B. Coleman, and that for a valuable consideration paid to the plaintiff, he gave indulgence to their principal for twelve months, without their consent or agreement. These pleas however, on their face, are confined to the first count in the declaration. The plaintiff filed demurrers to them, which were overruled by the court, and final judgment rendered for the two defendants.
There is no valid objection to these pleas, and the demurrer was properly overruled ; but as they extended only to the first count in the declaration, it was error to give judgment on the whole declaration in their favor. By possibility the plaintiff might establish his case under the second count against them, and the court could not, in advance of the trial by the jury, on the plea of non assumpsit, determine that point.
Some of the demurrers were decided in favor of the plaintiff in error, and as the defendants have not complained of this, it is not necessary to speak of them.
*89 The third section of the act of 1840, to regulate the practice of the circuit courts, in substance provides, “ that if it he discovered that the pleadings are defective, it shall be the duty of the court, and the judge holding the same is hereby required to cause*the same to be amended and perfected, so that the merits of the controversy shall be fairly put. to the jury.” Acts of 1840, p. 133.
Under this law, what was formerly discretion in the circuit courts, in regard to amendments, has become matter of obligation and of right. When it decides any portion of the pleadings to be defective, it should also direct the same to be amended and perfected, so as to place the merits of the controversy fairly before the jury. In this case, instead of turning the plaintiff out of court, for a supposed defect in his replication, the judge should have caused an amendment to be made, suited to his views of the law, and'thus have secured a trial upon the merits.
We have no doubt that the intention of the legislature, in passing this law, was to prevent the decision of causes, upon any other ground than their merits, and we shall do all in our power to carry that intention into effect. See Price v. Sinclair, 5 S. & M. 258.
The judgment is reversed, and cause remanded for further proceedings.